Gary J. Smith (SBN 141393)
  gsmith@bdlaw.com
Jacob P. Duginski (SBN 316091)
  jduginski@bdlaw.com
BEVERIDGE & DIAMOND P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 262-4000

 Kaitlyn D. Shannon (SBN 296735)
  kshannon@bdlaw.com
BEVERIDGE & DIAMOND, P.C
1900 N Street, N.W., Suite 100
Washington, DC 20036-1661
Telephone: (202) 789-6040
Facsimile: (202) 789-6190

Paul S. Chan (SBN 183406)
  pchan@birdmarella.com
Ariel A. Neuman (SBN 241594)
  aneuman@birdmarella.com
Shoshana E. Bannett (SBN 241977)
  sbannett@birdmarella.com
Alec M. Cronin (SBN 333774)
  acronin@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG DROOKS &
NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
 Facsimile: (310) 201-2110

Attorneys for Defendants Chiquita
Canyon, LLC, Waste Connections of
California, Chiquita Canyon, Inc., and
Waste Connections US, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA HAKOPYAN, an Individual; ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;<br><br>Plaintiffs,<br><br>vs.<br><br>CHIQUITA CANYON, LLC, a Delaware Limited Liability Company; WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles Superior Court Case No. 24STCV19655]<br><br>**DECLARATION OF SHOSHANA E. BANNETT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** |

4000438.1

**DECLARATION OF SHOSHANA E. BANNETT**

I, Shoshana E. Bannett, declare as follows:

1.    I am an active member of the Bar of the State of California and Senior Counsel with Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP, attorneys of record for Defendants Chiquita Canyon, LLC, Waste Connections of California, Chiquita Canyon, Inc., and Waste Connections US, Inc. in this action.  I make this declaration in support of Defendants' Notice of Removal filed herewith.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.    On October 1, 2024, Plaintiffs caused to be served on Defendants Chiquita Canyon, LLC, Waste Connections US, Inc., Chiquita Canyon, Inc., and Waste Connections of California the Summons, Civil Case Cover sheet, Addendum to Civil Case Cover Sheet and Statement of Location, Court Order Re: Complex Determination, and the Complaint in the matter of *Alina Hakopyan, et al. vs. Chiquita Canyon, LLC, et al*. (Case No. 24STCV19655), filed in the Superior Court of the State of California, County of  Los Angeles.

3.    Attached hereto as **Exhibit A** are true and correct copies of the Summons served on Defendants Chiquita Canyon, LLC, Waste Connections of California, Chiquita Canyon, Inc., and Waste Connections US, Inc.

4.    Attached hereto as **Exhibit B** is a true and correct copy of the Complaint served on Defendants Chiquita Canyon, LLC, Waste Connections of California, Chiquita Canyon, Inc., and Waste Connections US, Inc.

5.    Attached hereto as **Exhibit C** is a true and correct copy of Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Court Order Re: Complex Determination which were served on Defendants Chiquita Canyon, LLC, Waste Connections US, Inc., Chiquita Canyon, Inc., and Waste Connections of California.

6.    Attached hereto as **Exhibit D** is a true and correct copy of Chiquita

Canyon, LLC's Statement of Information Limited Liability Company, filed with the California Secretary of State on May 8, 2023.

7. Attached hereto as **Exhibit E** is a true and correct copy of Chiquita Canyon, Inc.'s Statement of Information Corporation, filed with the California Secretary of State on May 8, 2023.

8. Attached hereto as **Exhibit F** is a true and correct copy of Waste Connections US, Inc.'s Statement of Information Corporation, filed with the California Secretary of State on May 9, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this Declaration on October 31, 2024, at Los Angeles, California.

Shoshana E. Bannett

# EXHIBIT A

# CORRECTED

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/01/2024 4:25 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Lara, Deputy Clerk** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALINA HAKOPYAN, an Individual;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse<br><br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24STCV19655 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Finnerty, Esq. (SBN 298678), 16001 Ventura Blvd, Suite 200, Encino, California 91436

| | | | | |
|---|---|---|---|---|
| DATE: 10/01/2024 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by | J. Lara | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(speci*
3. [X] on behalf of *(specify):* CHIQUITA CANYON, LLC
   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date):* LLC

Page 1 of 1

**SUMMONS**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | 24STCV19655 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;

Page __2__ of __3__

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | 24STCV19655 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,

Page __3__ of __3__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# CORRECTED

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

|  |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/01/2024 4:25 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Lara, Deputy Clerk** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALINA HAKOPYAN, an Individual;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse<br><br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24STCV19655 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Finnerty, Esq. (SBN 298678), 16001 Ventura Blvd, Suite 200, Encino, California 91436

| DATE: 10/01/2024<br>*(Fecha)* David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* _____ J. Lara _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of<br>3. ☒ on behalf of *(specify):* CHIQUITA CANYON, INC<br> under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>     ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>     ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>     ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

*(speci*

Page 1 of 1

SUM-200(A)

| SHORT TITLE:<br>ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | CASE NUMBER:<br>24STCV19655 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;

Page ___2___ of ___3___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | 24STCV19655 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,

Page  3  of  3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**CORRECTED**

**SUMMONS**

*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/01/2024 4:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Lara, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHIQUITA CANYON, LLC, a Delaware Limited Liability Company;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALINA HAKOPYAN, an Individual;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse

312 N. Spring Street, Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 24STCV19655 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Finnerty, Esq. (SBN 298678), 16001 Ventura Blvd, Suite 200, Encino, California 91436

DATE: 10/01/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by   J. Lara   , Deputy
*(Fecha)*                                                                *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(speci*
3. [X]  on behalf of *(specify):* WASTE CONNECTIONS US. INC
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-200(A)

| SHORT TITLE:<br>ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | CASE NUMBER:<br>24STCV19655 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;

Page ___2___ of ___3___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | 24STCV19655 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,

Page ___3___ of ___3___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# CORRECTED

## SUMMONS
### *(CITACION JUDICIAL)*

<b>SUM-100</b>

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/01/2024 4:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Lara, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHIQUITA CANYON, LLC, a Delaware Limited Liability Company;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALINA HAKOPYAN, an Individual;
"ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED"

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Spring Street Courthouse<br><br>312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24STCV19655 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Finnerty, Esq. (SBN 298678), 16001 Ventura Blvd, Suite 200, Encino, California 91436

| DATE: 10/01/2024<br>*(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* | J. Lara | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(speci*
3. ☒ on behalf of *(specify):*   WASTE CONNECTIONS OF CALIFORNIA

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE:<br>ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | CASE NUMBER:<br>24STCV19655 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[x] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;

Page ___2___ of ___3___

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE:<br>ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | CASE NUMBER:<br>24STCV19655 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,

Page   3   of   3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# EXHIBIT B

Boris Treyzon, Esq. (SBN: 188893)
btreyzon@actslaw.com
Robert William Finnerty, Esq. (SBN: 119775)
rfinnerty@actslaw.com
Slava Kasreliovich, Esq. (SBN 256807)
skasreliovich@actslaw.com
Joseph Finnerty, Esq. (SBN 298678)
jfinnerty@actslaw.com
**ABIR COHEN TREYZON SALO, LLP**
16001 Ventura Blvd, Suite 200
Encino, California 91436
Telephone: (424) 288-4367 | Fax: (424) 288-4368

**Attorneys for Plaintiffs,**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/06/2024 8:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

ALINA HAKOPYAN, an Individual; ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan;

     Plaintiffs,

     v.

CHIQUITA CANYON, LLC, a Delaware Limited Liability Company; WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1-150, Inclusive,

     Defendants.

Case No.: 24STCV19655

[Related Case: 24STCV02836; Assigned to Hon. Judge Kenneth R. Freeman in Department 14]

**COMPLAINT FOR DAMAGES**
1. Negligence
2. Negligence Per Se
3. Strict Liability for Ultrahazardous Activities
4. Continuing Private Nuisance
5. Permanent Private Nuisance
6. Continuing Public Nuisance
7. Permanent Public Nuisance
8. Trespass

**DEMAND FOR JURY TRIAL**

///

1

COME NOWS Plaintiffs, ALINA HAKOPYAN, an Individual; ZOHRAB GETIKIAN, an Individual; MKHITAR GETIKIAN, an Individual; ISABELLE GETIKIAN, an Individual; IRENE AKOPYAN, an Individual; ASHKEN HAKOPYAN, an Individual; HAMLET HAKOPYAN, an Individual; EDGAR AKOPYAN, an Individual; and HAKOP GETIKIAN, a minor by and through his Guardian ad Litem, Alina Hakopyan; , (collectively "Plaintiffs"), bring this action against DEFENDANTS CHIQUITA CANYON, LLC, a Delaware Limited Liability Company; WASTE CONNECTIONS OF CALIFORNIA, a California Corporation; CHIQUITA CANYON, INC., a Delaware Corporation; WASTE CONNECTIONS US. INC., a Delaware Corporation; and DOES 1 through 150, inclusive, and each of them (collectively "Defendants"). PLAINTIFFS' allegations are based upon personal knowledge as to PLAINTIFFS' own experiences and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## I.    NATURE OF THE CASE

1.  PLAINTIFFS allege herein that they were exposed to elevated levels of hydrogen sulfide, methane, benzine, noxious fumes and odors in their homes and communities for an extended period of time, causing them harm, as a direct and proximate result of Defendants' negligent and reckless operation of the Chiquita Canyon Landfill ("CCL").

2.  Hydrogen sulfide is a highly toxic and malodorous environmental contaminant most commonly associated with sewage. Throughout 2023, thousands of individuals – including PLAINTIFFS herein – experienced and complained of exposure to elevated levels of hydrogen sulfide, noxious fumes and odors.

3.  Hydrogen sulfide is known to cause headaches, nausea, respiratory issues, and other illnesses.

4.  Methane is a powerful climate pollutant that can contribute to the formation of ground level ozone and particulate pollution. Exposure damages airways, aggravates lung diseases, causes asthma attacks, increases rates of preterm birth, cardiovascular morbidity and mortality, and heightens stroke risk.

///

///

5. Benzene is a chemical that is a colorless or light-yellow liquid at room temperature. It has a sweet odor and is highly flammable. Benzene evaporates into the air very quickly. Exposure to benzene increases the risk of developing leukemia and other blood disorders.

6. PLAINTIFFS bring this action to recover compensatory damages associated with their exposure to noxious fumes and odors from the CCL, for punitive damages, and for injunctive relief.

**Smoldering Fire and Pressure Buildup Within CCL Caused Toxic Fumes and Odor**

7. CCL has, and is, currently experiencing a subsurface reaction over an inactive portion of the landfill that is causing increased temperatures, increased production of landfill gas, and increased production of leachate, as well as fugitive emissions of landfill gas from the surface of the landfill. The area of the landfill affected by the reaction is located approximately 1000 feet from the nearest resident in the surrounding community.

8. On January 16, 2024, at the South Coast Air Quality Management District's ("SCAQMD") hearing, residents from the surrounding community stated that they have become prisoners trapped in their homes to avoid exposure to the elevated levels of hydrogen sulfide, noxious fumes and odors which pollute their community. Activities such as gardening, hiking, or recreation outdoors at the nearby Hasley Equestrian Center, Hasley Canyon Park, or Val Verde Park have been halted, as residents fear for their safety. Children who attend neighboring schools such as Castaic Elementary School, Santa Clarita Valley International School and Live Oak Elementary School are unable to enjoy their adolescent years as the noxious odors and elevated levels of toxic gases prevent them from spending time outdoors and have the potential to increase their risk of developing cancer.

9. According to the Los Angeles Regional Water Board, CCL has been disposing of approximately 2- to 4-million gallons of contaminated water a month for much of the past year. That water was made up of a combination of hazardous spills and CCL's efforts to extract wastewater.

10. Steaming-hot, contaminated water has also surged to the surface, oozing out of fissures. These hazardous spills have formed bubbling ponds and "rivers of odorous waste," according to officials with the SCAQMD. At times, this polluted water has erupted with such force that it has shot into the air like a geyser.

**Defendants have Recklessly Disregarded the Toxic Exposure of Hazardous Gas and Odors to Residents Neighboring the Facility**

11. In late 2023 Defendants acknowledged the gas and water leaks, although Defendants had knowledge that the hazardous spills had been occurring since mid-2022.

12. Defendants have been inadequately containing landfill gas, leachate, and associated surface emissions at CCL, which has caused odor and other unlawful emissions from the landfill. Defendants have also failed to comply with and frustrated the efforts of SCAQMD and Los Angeles Fire and Hazmat agents.

13. On October 17, 2023, SCAQMD, in coordination with Los Angeles Fire and Hazmat agents, conducted an unannounced inspection and attempted to collect samples of the leachate exposed to the air from Defendants' property. Defendants denied access to the agents and did not allow them to collect samples of the leachate. Of the samples that SCAQMD was able to collect and test from neighboring areas close to CCL, results indicated elevated concentrations of benzene, a cancer-causing chemical.

14. Around that time, SCAQMD requested real-time access to Defendants' Community Air Monitoring ("CAM") network, which Defendants must maintain as a condition of the Conditional Use Permit allowing them to operate the landfill. By January 10, 2024, SCAQMD Monitoring and Analysis Division staff had been given real-time access to some, but not all, of the air monitors within Defendants' CAM network. A review of CCL's air monitoring data showed approximately 35% of all hydrogen sulfide (H2S) readings over the past year exceeded the California state standard of 30 parts per billion (ppb), averaged over one hour.

15. SCAQMD Inspectors continued to routinely observe leachate exposed to the ambient air. Inspectors observed leachate at times bubbling or boiling, free flowing from the surface of the landfill, pooling at the landfill, channeling through soil at the landfill, and flowing to concrete lined drainage where Defendants had installed check dams to prevent the leachate from leaving CCL.

///

///

16. On some inspections, SCAQMD Inspectors observed leachate shooting into the air like a geyser. Where the leachate was discharged it flowed and channeled across the landfill, forming bubbling ponds of waste and saturating the surrounding soil. The leachate-saturated soil also emitted a foul-smelling odor. In several instances, SCAQMD Inspectors observed that Defendants did not take immediate actions to remediate either the leachate or the saturated soil prior to the leachate reaching the concrete channels.

## II.    JURISDICTION AND VENUE

17. Venue is proper in the Superior Court of the County of Los Angeles, State of California pursuant to California Code of Civil Procedure §§ 393 and 395 because Los Angeles County is where the subject incident and injuries occurred, where the PLAINTIFFS reside, where CCL is located, and where the obligation and liability arose for Defendants.

18. The Federal Courts do not have subject matter or removal jurisdiction over this case and, therefore, it is not removable. Specifically, pursuant to 28 U.S.C. § 1441(b), this action is not removable and the Superior Court of the County of Los Angeles, State of California has jurisdiction of this case since at all times relevant to this action Defendants did business in and provided services in the County of Los Angeles, State of California. In addition, no federal question is involved in this action. As such, any removal of this case to federal court would be wrongful and done solely for the purposes of delay. Therefore, should one or more of the Defendants seek to improperly remove this case to federal court, PLAINTIFFS will oppose such improper removal.

19. Defendants CHIQUITA CANYON, LLC, WASTE CONNECTIONS OF CALIFORNIA, CHIQUITA CANYON, INC., and WASTE CONNECTIONS US. INC., purposely availed themselves of the benefits, protections and privileges of the laws of the State of California in conducting their business, and have purposely directed their activities in this State.

20. This Court has jurisdiction of this action because the PLAINTIFFS seek damages which are in excess of this Court's minimum jurisdictional limits and because Defendants conduct business in, and PLAINTIFFS' causes of action arose in, the County of Los Angeles, State of California.

///

## III.    THE PARTIES

### A. Plaintiffs

21. PLAINTIFFS are individuals who, at all times relevant to this action, resided in the areas impacted by the formation and release of hazardous chemicals and noxious fumes, including but not limited to hydrogen sulfide, methane, and benzine near the CCL. PLAINTIFFS have all suffered damages, losses, and harm as a result of exposure to the noxious gases including, but not limited to, physical injury, fear of future physical injury, increased risk of future injury, including the need for medical monitoring, emotional distress, harm to real and personal property, medical expenses, relocation expenses, and other economic damages.

### B. Defendants

22. CHIQUITA CANYON, LLC is a Delaware Limited Liability Company. CHIQUITA CANYON, LLC and its subsidiaries and its predecessors constructed, operated or maintained the CCL located at 29201 Henry Mayo Dr. Castaic, California 91384.

23. WASTE CONNECTIONS OF CALIFORNIA is a California Corporation. WASTE CONNECTIONS OF CALIFORNIA and its subsidiaries and its predecessors constructed, operated or maintained the CCL located at 29201 Henry Mayo Dr. Castaic, California 91384.

24. CHIQUITA CANYON, INC. is a Delaware Corporation. CHIQUITA CANYON, INC. and its subsidiaries and its predecessors constructed, operated or maintained the CCL located at 29201 Henry Mayo Dr. Castaic, California 91384.

25. WASTE CONNECTIONS US, INC. is a Delaware Corporation. WASTE CONNECTIONS US, INC. and its subsidiaries and its predecessors constructed, operated or maintained the CCL located at 29201 Henry Mayo Dr. Castaic, California 91384.

26. There is a unity of interest and ownership between Defendants, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

27. The names of the other Defendants and/or their involvement in PLAINTIFFS' situation are unknown to PLAINTIFFS, who therefore sue such Defendant in this action by fictitious names, identified as DOES 1 through 150. Each of the Defendants designated as a Doe is legally responsible in some manner for the unlawful acts described above. PLAINTIFFS will seek leave

COMPLAINT FOR DAMAGES

1   of the Court to amend this Complaint to reflect the true names and capacities of the Defendants

2   designated as Does 1 through 150 when their identities and/or involvement become known.

28. The identities and capacities of Defendants DOES 1 through 150 are currently unknown to PLAINTIFFS. Said Defendants are therefore sued by such fictitious names as individuals or entities of unknown form and of unknown capacity who, upon information and belief, are parties whose acts and/or omissions caused or contributed to cause the tortious conduct set forth in this pleading and who proximately and legally caused the resulting injuries and damages to PLAINTIFFS as alleged herein. When the true names and capacities of the Defendants sued herein as DOES are ascertained, PLAINTIFFS will amend this action accordingly. Whenever this Complaint references acts of any Defendant or one of its unnamed agents or co-conspirators, such allegation shall be deemed to mean the act of all other Defendants, unless the reference is in a particular cause of action, and each of them acting, individually, jointly, and severally.

29. Each Defendant committed, conspired to commit, and/or ratified each of the acts and omissions alleged in this Complaint. Defendants CHIQUITA CANYON, LLC, WASTE CONNECTIONS OF CALIFORNIA, CHIQUITA CANYON, INC., and WASTE CONNECTIONS US. INC., and DOES 1 through 150, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of each other and were acting within the course and scope of their agency, service, employment and joint venture. All acts performed by Defendants, and each of them, while acting as an agent, servant, employee and/or joint venturer have been adopted and ratified by all other Defendants, and each of them. Consequently, said Defendants are jointly and severally liable to the PLAINTIFFS for the injuries and damages sustained as a proximate result of their conduct.

## IV.   ADDITIONAL FACTUAL BASIS FOR THE CLAIMS ASSERTED

### A. Background

30. At all relevant times herein, the PLAINTIFFS, collectively, resided in neighboring communities to the CCL including but not limited to, Val Verde, Hasley Canyon, Williams Ranch, Hasley Hills, Live Oak, North Bluffs, Hillcrest, Stevenson Ranch, Castaic, Valencia and Santa Clarita. The PLAINTIFFS, given their proximity to the CCL, were sickened and injured as a result of the exposure to the noxious fumes and odors.

31. The CCL is located 500 feet from Val Verde residences and 150 feet from a United States Post Office. In close proximity to the north of CCL is Hasley Equestrian Center, Hasley Canyon Park, Val Verde Park, Live Oak Elementary School and Santa Clarita Valley International School.

32. The CCL extends over 639 acres, of which approximately 400 acres are used as a landfill and solid waste disposal site pursuant to a conditional use permit issued by the County of Los Angeles.

33. Under the CCL's conditional use permit, CCL is allowed to accept an average of 6,616 tons per day of solid waste between the hours of 4:00am to 5:00pm, Monday through Saturday. The CCL may also accept green waste and beneficial reuse materials. The CCL may accept a maximum of 2,800,000 tons per year of solid waste and beneficial reuse material combined.

34. Defendants' operations at CCL range from landfill gas collections and control systems that include vertical and horizontal gas collection wells and associated piping and trenches, multiple collection headers and blowers for venting landfill gas, a landfill gas treatment system, a condensate/leachate collection system and two flares which combust landfill gas. The CCL also has an active permit application for an additional third flare which, if approved, would be incorporated into its landfill gas collection and control system.

**B. Conditional Use Permits obtained by Defendants to Operate the CCL**

35. In or about 1997, Defendants signed an agreement with the Val Verde Civic Association in which they agreed to close the Landfill no later than 2019.

36. On July 25, 2017, the County of Los Angeles approved another conditional use permit allowing the Defendants to expand and operate for another 30 years. The expansion included increasing the waste footprint from 257 acres to 400 acres, increasing the maximum elevation from 1,430 to 1,573 feet and increasing the daily disposal limits from 6,000 tons per day to 12,000 tons per day.

37. Under Sections 63-65 of the conditional use permit obtained by Defendants, CCL is required to comply with SCAQMD requirements and avoid being a nuisance to the community.

38. To apply for the conditional use permit allowing CCL to expand operations, CCL was required to create a cancer map which showed that there were places within close proximity to the CCL with populations with increased risk of developing cancer. The areas with increased risk of

1     developing cancer included Castaic Elementary School, Santa Clarita Valley International School

2     and Live Oak Elementary School.

3     **C.    Investigation Conducted by the SCAQMD in 2023 Established that Residents within**

4     **Four Miles of CCL are Exposed to Noxious Gases**

5     39. SCAQMD enforces air pollution regulations. These regulations are primarily meant to ensure that

6     the surrounding (or ambient) air meets federal and state air quality standards.

7     40. SCAQMD is responsible for taking reports of nuisance, confirming these reports and issuing

8     Notices of Violation (NOVs) where there is a violation of the law.

9     41. In 2023, the SCAQMD received more than 7,000 resident complaints of an odor nuisance with

10    the CCL as the source. SCAQMD has issued approximately 110 NOVs against CCL for public

11    nuisance in violation of the agency's Rule 402 and California Health and Safety Code Section

12    41700.

13    42. SCAQMD Rule 402 and California Health and Safety Code Section 41700 prohibit the discharge,

14    from any source whatsoever, of such quantities of air contaminants or other materials which cause

15    injury, detriment, nuisance, or annoyance to any considerable number of persons or the public, or

16    which cause, or have the natural tendency to cause, injury or damage to business or property.

17    43. Pursuant to SCAQMD's policies and practices, to establish a violation of Rule 402, the agency

18    must receive three calls to their hotline within an hour to dispatch an investigator. If an

19    investigator is able to confirm at least 6 complaints in a 24-hour period, then a NOV is issued.

20    44. On May 17, 2023, SCAQMD issued the first 2023 NOV against CCL for public nuisance in

21    violation of the agency's Rule 402 and California Health and Safety Code Section 41700. In May,

22    SCAQMD began receiving numerous odor complaints that Agency investigators traced back to

23    CCL.

24    45. SCAQMD issued NOVs to Defendants under Rule 402 and other Agency Rules on May 18, 2023,

25    June 25, 2023, June 27, 2023, June 28, 2023, June 29, 2023, June 30, 2023, July 2, 2023, July 3,

26    2023, July 7, 2023, July 10, 2023, July 11, 2023, July 13, 2023, July 15, 2023, July 16, 2023, July

27    17, 2023, July 18, 2023, July 19, 2023, July 20, 2023, July 21, 2023, July 22, 2023, July 23, 2023,

28    July 24, 2023, July 26, 2023, July 27, 2023, July 28, 2023, July 29, 2023, July 30, 2023, July 31,

COMPLAINT FOR DAMAGES

2023, August 1, 2023, August 2, 2023, August 3, 2023, August 4, 2023, August 5, 2023, August 6, 2023, August 7, 2023, August 9, 2023, August 10, 2023, August 11, 2023, August 12, 2023, August 13, 2023, August 14, 2023, August 15, 2023, August 16, 2023, August 17, 2023, August 18, 2023, August 19, 2023, August 21, 2023, August 23, 2023, August 24, 2023, August 25, 2023, August 27, 2023, August 28, 2023, August 29, 2023, August 30, 2023, August 31, 2023, September 1, 2023, September 5, 2023, September 6, 2023, September 7, 2023, September 8, 2023, September 12, 2023, September 13, 2023, September 14, 2023, September 15, 2023, September 19, 2023, September 20, 2023, September 21, 2023, September 22, 2023, September 25, 2023, September 26, 2023, September 27, 2023. September 28, 2023, October 2, 2023, October 3, 2023, October 5, 2023, October 6, 2023, October 9, 2023, October 10, 2023, October 13, 2023, October 16, 2023, October 20, 2023, October 23, 2023, October 25, 2023, October 26, 2023, October 27, 2023, November 2, 2023, November 6, 2023, November 10, 2023, November 13, 2023, November 15, 2023, November 16, 2023, November 28, 2023, November 29, 2023, November 30, 2023, December 6, 2023, December 7, 2023, December 12, 2023, December 18, 2023, December 22, 2023, December 27, 2023, December 29, 2023, January 3, 2024, and January 9, 2024.

46. During the time of increased complaints, CCL was and is still currently experiencing a subsurface reaction in an inactive portion of the landfill that is causing increased temperatures, increased production of landfill gas, and increased production of leachate, as well as fugitive emissions of landfill gas from the surface of the landfill. The area of the landfill affected by the reaction is located approximately 1,000 feet from the nearest resident in the surrounding community.

47. Between May and September 5, 2023, SCAQMD issued 58 NOVs against Defendants for violating SCAQMD Rule 402 and California Health and Safety Code Section 41700. In light of the NOVs and complaints, SCAQMD's Hearing Board issued an Order for Abatement which outlined practices and procedures in an attempt to resolve the issues.

///

///

///

48. The Order for Abatement was ineffective. Between September 6, 2023, and January 11, 2024, SCAQMD received 4,860 complaints alleging CCL as the source of odors. SCAQMD responded to and investigated the complaints, including verifying the existence of complained-of odors and identifying the source of the complaints as CCL. Over this time period, Defendants received 46 NOVs for violations of SCAQMD Rule 402 and California Health and Safety Code Section 41700.

49. In early October, 2023, SCAQMD learned of the existence of leachate seeping out from the area of the landfill affected by the subsurface reaction. SCAQMD inspectors conducted an inspection and confirmed that leachate had seeped out of the landfill and pooled in a concrete-lined stormwater channel adjacent to the area of the landfill affected by the reaction. SCAQMD inspectors observed that the leachate gave off a foul odor, which inspectors determined was contributing to and worsening the alleged public nuisance.

50. On October 31, 2023, Defendants submitted the results of an initial flux chamber study. The results of the study concluded that if the emissions observed during the study held constant for an entire year, a total of around 43,000 tons per year of uncontrolled/fugitive surface emissions would be produced at CCL. Of those emissions, approximately 9.33 tons per year would be benzene, and approximately 100 tons per year toxic organics.

51. In November 2023, SCAQMD also cited the facility for failure to maintain the leachate collection and storage system in good operating condition, failure to report the breakdown of equipment, failure to submit a landfill excavation plan, and violations of other permit and conditional use conditions. Leachate was observed on numerous occasions bubbling, boiling, or shooting out like a geyser. The pooled and flowing liquid was observed seeping out of the soil and causing additional foul-smelling odors.

52. On several successive inspections, SCAQMD inspectors continued to routinely observe leachate exposed to the ambient air. Inspectors noted leachate at times bubbling or boiling, free flowing from the surface of the landfill, pooling at the landfill, channeling through soil at the landfill, and flowing to concrete lined drainage.

///

53. On several instances, SCAQMD inspectors observed that Defendants did not take immediate actions to remediate either the leachate or the saturated soil prior to the leachate reaching the concrete channels.

54. SCAQMD's Monitoring and Analysis Division compiled and reviewed continuous monitoring data from six monitors in Defendants' Community Air Monitoring network, all located within the affected communities. The monitors collect real-time data for hydrogen sulfide ("H2S") and particulate matter. Based on review of H2S continuous monitoring across all six monitors, SCAQMD determined that approximately 35% of all hourly average readings over the past year exceeded the California Office of Environmental Health Hazard Assessment ("OEHHA") acute standard of 30 parts per billion ("ppb") on a 1-hour average. Some readings, across a 1-hour average, exceeded 300 ppb, ten times the OEHHA standard. The highest single reading exceeded 500 ppb.

55. SCAQMD Monitoring and Analysis staff concluded from this data review that there was clear indication that air emissions from CCL were having significant impact to the community.

56. The Los Angeles County Department of Public Health also received monitoring data of these community monitoring stations around CCL, including, eventually, real-time access to this data. Dr. Nichole Quick, the Department's Deputy Director for Health Protection, reviewed the data and concluded that, if assumed accurate, it showed evidence that there were likely health impacts observed in the community due to H2S exposure. Dr. Quick noted that physiological health impacts of H2S at the 1-hour acute standard of 30 ppb would often include headaches, nausea, and respiratory irritation. Dr. Quick observed that because the data from communities around CCL indicated significant exceedances of the 30 ppb standard, symptoms could be more prolonged or intense.

57. On October 17, 2023, SCAQMD, in coordination with LA Fire/Hazmat agents, conducted an unannounced inspection and attempted to collect samples of the leachate exposed to the air from Defendants' property. Defendants denied access to collect samples of the leachate. SCAQMD collected air samples at both the fence line and within the nearby community at that time. SCAQMD Monitoring and Analysis staff tested the samples within 24-hours and reviewed the

laboratory results. Of those reviewed, several indicated levels of benzene above expected background levels, but below the 8-hour acute standard of 8 ppb set by OEHHA.

58. At least one sample result, collected on November 6, 2023, reported the benzene level well above the 8-hour acute standard, measured at 69.5 ppb. SCAQMD learned about the result on December 8, 2023, (though the lab report was dated November 9, 2023). SCAQMD Monitoring and Analysis staff discussed this result with the third-party lab that performed the analysis to inquire about potential anomalies in the lab methods. The third-party lab confirmed the validity of the results.

59. Based on review of the laboratory sample reports made available to SCAQMD, Dr. Quick concluded that there is ample evidence supporting health impacts to the community from air contaminants from CCL.

**D. Conclusion of SCAQMD Investigation**

60. The SCAQMD has found that a subsurface reaction over an approximately 30-acre portion of CCL is the source of significant odors, which are causing injury, detriment, nuisance and/or annoyance to residents located in neighboring communities.

61. Defendants are also in violation of Rule 430, Rule 3002(c)(1) and Rule 203(b) for failing to report a breakdown to the SCAQMD in equipment which causes a violation of a rule of regulation of the SCAQMD. Defendants failed to maintain the full and proper working order of the leachate collection system, as required by Defendants' leachate collection system permit. Fully and properly operated, the leachate collection system captures leachate and collects it subsurface. However, leachate has been and continues to evade the leachate collection system, is exposed to ambient air, and is only collected by separate, external trucks, which are not part of Defendants' leachate collection system. Accordingly, the SCAQMD's Hearing Board concluded that there has been, and is an ongoing, breakdown in Defendants' leachate collection system.

62. On January 17, 2024, Defendants were issued an Order for Abatement and the Hearing Board ordered Defendants to take significant actions, such as:

    a.  Immediate Leachate Collection: Twice daily inspections for leachate and the immediate removal of any pooling or ponding liquid in a sealed tank/truck.

b. Excavation Plan and Interim Mitigation: Submit a complete excavation plan that includes proper management of soil, methane monitoring, dust suppression, and the immediate relocation of any excavated soil from the property. Until the plan is approved, the landfill must undertake interim mitigation measures to limit odor and fugitive dust during excavating activities.

c. Expand Collection and Extraction Wells: To collect gas and leachate as needed and properly cover wells to prevent leaks, as well as take precautions to avoid or limit escape of any liquids during well building or maintenance.

d. Expanded Monitoring: Install continuous air monitors in the community where odors have been reported for gases associated with landfills. Monitor for benzene and other volatile organic compounds (VOCs). Increase laboratory sampling in the community to 3 times per week until the monitors are in place. Take monthly samples of leachate at the reaction area, the areas with the highest temperature, and the bottom of the tanks where leachate is stored. Conduct an additional study of surface air emissions from the landfill.

e. Increased Transparency: Provide all past and current air monitoring data to SCAQMD immediately for review. Develop a webpage to display real-time monitoring information within 30 days.

63. Defendants will return for a status hearing on April 24 and 25, 2024, to report on the status of implementation of the Order for Abatement.

**E.  Plaintiffs' Injuries**

64. PLAINTIFFS are individuals and families who live and work within the neighboring communities to the CCL, and given their proximity to the CCL, were sickened and injured as a result of exposure to the noxious fumes and odors.

65. Due to the high levels of hydrogen sulfide, methane, benzine, and other toxic air pollutants, PLAINTIFFS claim damages for physical injury (for which many have sought medical treatment), fear of future physical injury, increased risk of future injury, including the need for medical monitoring, emotional distress, harm to real and personal property, medical expenses, relocation expenses, and other economic damages.

14

66. PLAINTIFFS' injuries include but are not limited to, headaches, lightheadedness, dizzy spells, asthma, other breathing conditions, rashes, cancers, tumors, and other related symptoms, as well as other harms not yet known. PLAINTIFFS are informed and believe, and thereon allege, that some or all of the health effects may result in chronic and/or ongoing injuries.

## V.    BASIS FOR MEDICAL MONITORING DAMAGES

67. Defendants have exposed PLAINTIFFS to excessive levels of hydrogen sulfide and other chemicals and toxins proven hazardous to human health.

68. Defendants have also exposed PLAINTIFFS to environmental conditions proven hazardous to mental health.

69. The exposure to these dangerous substances and conditions is such that PLAINTIFFS have been placed at an increased risk of contracting latent illness and disease, including but not limited to respiratory, cardiovascular, neurological, and mental health issues, and as such, require medical monitoring which Defendants are responsible for providing and paying for.

70. Monitoring and testing procedures for respiratory, cardiovascular, and neurological disorders and other illnesses associated with exposure to hydrogen sulfide and other chemicals exist, as well as for mental health issues, which make the early detection and treatment of such diseases and health conditions possible and beneficial.

71. Accordingly, PLAINTIFFS are entitled to compensatory damages for medical monitoring.

## VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

72. PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

73. At all relevant times, Defendants and each of them, owned, operated, inspected, controlled, managed, and/or maintained CCL.

74. At all relevant times prior to this incident, Defendants and each of them, had the duty to exercise the utmost care and diligence in the ownership, design, operation, management, supervision, inspection, maintenance, repair, and/or control of CCL in compliance with relevant regulations and industry standards, so as not to cause harm to individual persons, private and public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of property and life by the public.

75. At all relevant times, Defendants and each of them, negligently, carelessly, recklessly, and/or unlawfully used, owned, operated, managed, supervised, maintained, repaired, and/or controlled CCL, including but not limited to, (a) failing to implement reasonable safety and leak prevention practices; (b) failing to properly inspect, assess, and/or evaluate the integrity of CCL in compliance with applicable safety standards and regulations; and/or (c) failing to have an adequate and appropriate response plan to timely, adequately, promptly and properly respond to and contain leaks.

76. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs have suffered damages, including but not limited to inhalation of noxious and toxic gases, chemicals, and/or fumes resulting in personal injuries including, but not limited to, severe headaches, dizziness, difficulty breathing, and other harms known and as yet unknown. Upon information and belief, some or all of the health effects may result in permanent impairments and/or disabilities, all to their general damage in a sum according to proof.

77. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, PLAINTIFFS are required to, and continue to, employ physicians and/or other health care providers to examine, treat, and care for their injuries. PLAINTIFFS have incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care, all in an amount according to proof.

///

///

1  78. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of

2      them, PLAINTIFFS have been put at risk for the development of latent health problems, such that

3      they now require medical monitoring for such problems in the future.

4  79. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of

5      them, PLAINTIFFS have incurred, and will continue to incur, a loss of income and/or a loss of

6      earning capacity, all in an amount according to proof at the time of trial pursuant to California

7      Code of Civil Procedure § 425.10.

8  80. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of

9      them, PLAINTIFFS have incurred, and will continue to incur, a loss of revenues and profits from

10     the operation of their businesses, all in an amount according to proof at the time of trial pursuant

11     to California Code of Civil Procedure § 425.10.

12 81. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of

13     them, PLAINTIFFS have suffered and will continue to suffer the loss of the quiet use and

14     enjoyment of their property, as well as public properties located in the area, have suffered and

15     will continue to suffer the diminution of the value of their property, and/or have been or will be

16     required to expend monies to repair and/or restore the property to its condition prior to the

17     blowout, all in an amount according to proof at the time of trial pursuant to California Code of

18     Civil Procedure § 425.10.

19                           **SECOND CAUSE OF ACTION**

20     **NEGLIGENCE PER SE – VIOLATION OF CALIFORNIA HEALTH AND SAFETY**

21                                  **CODE § 41700**

22        **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited**

23     **Liability Company; Waste Connections of California, Inc., a California Corporation;**

24        **Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a**

25                     **Delaware Corporation; and DOES 1–150)**

26 82. PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully

27     set forth herein.

28 ///

---

17

83. Prior to and at all times relevant hereto, California Health and Safety Code Section 41700 was in full force and effect. That statute states, in pertinent part: 41700 – Health and Safety Code (a) Except as otherwise provided in Section 41705, a person shall not discharge from any source whatsoever quantities of air contaminants or other material that cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to the public, or that endanger the comfort, repose, health, or safety of any of those persons or the public, or that cause, or have a natural tendency to cause, injury or damage to business or property.

84. PLAINTIFFS were among the class of persons that California Health and Safety Code Section 41700 was intended to protect.

85. At the time of the incident giving rise to this action, Defendants, and each of them, violated the California Health and Safety Code Section 41700 by, inter alia, inadequately containing landfill gas, leachate, and associated surface emissions at CCL, which has caused odor and other unlawful emissions from the landfill. SCAQMD received more than 7,000 resident complaints of an odor nuisance with CCL as the source. SCAQMD has issued approximately 110 NOVs against CCL for public nuisance in violation of the agency's Rule 402 and California Health and Safety Code Section 41700.

86. Defendants' violation of California Health and Safety Code Section 41700, was the sole, direct, and proximate cause of the incident out of which this action arises and PLAINTIFFS' resulting injuries and damages.

87. As a direct and proximate result of the above-described negligent conduct and tortious acts and omissions of Defendants, and each of them, PLAINTIFFS sustained serious personal injuries, which have caused, and continue to cause PLAINTIFFS pain and suffering, all to their general and non-economic damages in an amount which will be stated according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

///

///

///

///

18

COMPLAINT FOR DAMAGES

88. As a direct and proximate result of the above-described negligent conduct and tortious acts and omissions of Defendants, and each of them, PLAINTIFFS sustained serious injuries which have required hospitalization, therapy and rehabilitation and which continue to require medical care and treatment, all to PLAINTIFFS' special and economic damages, will be stated according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

89. As a direct and proximate result of the above-described negligent conduct and tortious acts and omissions of Defendants, and each of them, PLAINTIFFS have suffered and will continue to suffer the loss of the quiet use and enjoyment of their property, as well as public properties located in the area, have suffered and will continue to suffer the diminution of the value of their property, and/or have been or will be required to expend monies to repair and/or restore the property to its condition prior to the blowout, which will be stated according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

**THIRD CAUSE OF ACTION**

**STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES**

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

90. PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

91. At all times herein, Defendants were the owner and operator of CCL. The CCL is located centrally, 500 feet from Val Verde residences and 150 feet from a United State Post Office. To the north of the CCL is the Hasley Equestrian Center, Hasley Canyon Park, Val Verde Park, Live Oak Elementary School and Santa Clarita Valley International School which are also in close proximity to the CCL.

92. At all times relevant to this action, Defendants, and each of them, had supervision, custody, and control of the CCL.

///

93. At all times relevant to this action, Defendants, and each of them, were under a continuing duty to protect the PLAINTIFFS from the natural consequences of mishandling of chemicals, including but not limited to hydrogen sulfide and sulfur-containing wastewater, which is exuded as a result of handling landfill and solid waste disposal, at CCL.

94. Defendants, and each of them, were engaged in an ultrahazardous activity by handling, landfill gas collection and control system that includes vertical and horizontal gas collection wells and associated piping and trenches multiple collection headers and blowers for venting landfill gas, a landfill gas treatment system, a condensate/leachate collection system and two flares which combust landfill gas that contain hazardous chemicals, including but not limited to hydrogen sulfide and sulfur-containing wastewater, at CCL.

95. PLAINTIFFS have suffered harm as a result of Defendants' conduct as described herein including but not limited to physical injury, loss of use and enjoyment of their homes and other expenses.

96. The injuries sustained by PLAINTIFFS as a result of Defendants' conduct described herein were the direct and proximate result of Defendants' activities.

97. The harm to PLAINTIFFS was and is the kind of harm that would be reasonably anticipated as a result of the risks created by the improper handling of landfill and solid waste disposal that contain hazardous chemicals.

98. Defendants' harm to PLAINTIFFS was foreseeable because fugitive discharge of hydrogen sulfide and other chemicals from CCL would reasonably result in a significant environmental impact on the surrounding communities.

99. Defendants' operation and use of CCL and resulting discharge was and remains a substantial factor in causing the harms suffered by PLAINTIFFS.

100.    Defendants, and each of them, are liable to PLAINTIFFS for all damages arising from this ultrahazardous activity, including all compensatory damages, and punitive damages pursuant to Cal Civ. Code § 3294, and attorney's fees pursuant to Cal Civ. Code § 1021.5.

///

///

///

101.    Defendants are liable to PLAINTIFFS for all damages arising from their violations of California Civil Code section 3479 and California Health & Safety Code section 25510(a), including compensatory and injunctive relief, punitive damages pursuant to California Civil Code § 3294, and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

102.    The wrongful acts, representations and/or omissions of Defendants, hereinabove set forth, were made, adopted, approved, authorized, endorsed and/or ratified by their officers, directors or managing agents, and were done maliciously, oppressively, fraudulently and/or with a willful and knowing disregard of the probable dangerous consequences for the health and safety of PLAINTIFFS and their community.

103.    The officers, directors and/or managing agents of Defendants had advanced knowledge of the storing of products containing harmful chemicals. The officers, directors and/or managing agents of Defendants had advanced knowledge that a failure to properly store, maintain, and/or inspect the condition of CCL would result in the probability of a catastrophic event, which foreseeably would lead to harm and/or injuries to the health and safety of PLAINTIFFS and their community, generally.

104.    In failing to take protective measures to safeguard against the danger, the officers, directors and/or managing agents of Defendants acted with a willful and/or knowing disregard of the probable dangerous consequences, and/or acted with an awareness of the probable dangerous consequences of their conduct and deliberately failed to avoid those consequences, thereby creating a substantial risk of injury to PLAINTIFFS and the surrounding community.

105.    PLAINTIFFS are entitled to punitive and exemplary damages in an amount to be ascertained, which is appropriate to punish or set an example of Defendants and deter such behavior by Defendants and others in the future.

///

///

///

///

///

**FOURTH CAUSE OF ACTION**

**PRIVATE NUISANCE - CONTINUING**

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

106.    PLAINTIFFS incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

107.    PLAINTIFFS own and/or occupy property at or near the exposed area. At all relevant times, PLAINTIFFS had a right to occupy, enjoy, and/or use their property without interference by Defendants.

108.    Defendants and each of them, by reason of their wrongful acts and/or omissions created a condition that (a) was harmful to PLAINTIFFS' health; (b) was indecent and/or offensive to PLAINTIFFS' senses; (c) was an obstruction of PLAINTIFFS' free use and enjoyment of their property, so as to interfere with their comfortable enjoyment of life and/or property; and/or (d) unlawfully obstructed PLAINTIFFS' free passage or use, in the customary manner, of public parks, squares, streets, and/or highways in the exposed area.

109.    PLAINTIFFS did not consent to Defendants' conduct. To the extent PLAINTIFFS gave any express or implied permission for the maintenance improper handling landfill and solid waste disposal that contain hazardous chemicals. Such permission extended only to a properly maintained, up-to-date, and safe facility, and Defendants and each of them, exceeded the scope of any such consent by operating a shoddy, dangerous, aging, and faulty containment facility near PLAINTIFFS' property.

110.    An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conduct of Defendants and each of them.

111.    The seriousness of PLAINTIFFS' injuries outweighs any public benefit from the conduct of Defendants and each of them.

///

112.    As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS have suffered, and will continue to suffer, discomfort, annoyance, anxiety, fear, worries, and stress attendant to the interference with PLAINTIFFS' occupancy, possession, use, and/or enjoyment of their property, as alleged above.

113.    As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS suffered and continue to suffer damages as herein above set forth.

### FIFTH CAUSE OF ACTION

### PRIVATE NUISANCE - PERMANENT

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

114.    PLAINTIFFS incorporate and re-allege each of the paragraphs above as though fully set forth herein.

115.    Defendants and each of them, by reason of their wrongful acts and/or omissions created a permanent condition that (a) is harmful to PLAINTIFFS' health; (b) is indecent and/or offensive to PLAINTIFFS' senses; (c) is an obstruction of PLAINTIFFS' free use of their property, so as to interfere with the comfortable enjoyment of life or property; and/or (d) unlawfully obstructs PLAINTIFFS' free passage or use, in the customary manner, of public parks, squares, streets, and/or highways in the exposed area.

116.    This permanent condition has interfered with PLAINTIFFS' free use and enjoyment of their land, along with numerous other neighbors, in the form of damage to buildings, a significant decrease in the value of the property, exposure to an array of toxic substances on the land, and/or a lingering and foul smell of toxic gases, permeating the air surrounding their property and invading their homes.

117.    PLAINTIFFS did not consent to the conduct of Defendants and each of them, which was a substantial factor in causing PLAINTIFFS' harm.

///

1  118.    An ordinary person would be reasonably annoyed or disturbed by the conduct of Defendants

2         and each of them.

3  119.    The seriousness of the harm outweighs any public benefit of Defendants' conduct.

4  120.    As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of

5         them, PLAINTIFFS suffered and continue to suffer damages as herein above set forth.

6  **SIXTH CAUSE OF ACTION**

7  **PUBLIC NUISANCE - CONTINUING**

8  **(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited**

9  **Liability Company; Waste Connections of California, Inc., a California Corporation;**

10  **Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a**

11  **Delaware Corporation; and DOES 1–150)**

12  121.    PLAINTIFFS incorporate and re-allege each of the paragraphs above as though fully set forth

13         herein.

14  122.    PLAINTIFFS own and/or occupy property at or near the exposed area. At all relevant times,

15         PLAINTIFFS had a right to occupy, enjoy, and/or use their property without interference by

16         Defendants.

17  123.    Defendants and each of them, by reason of their wrongful acts and/or omissions created a

18         condition that (a) is harmful to PLAINTIFFS' health; (b) is indecent and/or offensive to

19         PLAINTIFFS' senses; (c) is an obstruction of PLAINTIFFS' free use of their property, so as to

20         interfere with the comfortable enjoyment of life or property; and/or (d) unlawfully obstructs

21         PLAINTIFFS' free passage or use, in the customary manner, of public parks, squares, streets,

22         and/or highways in the exposed area.

23  124.    This condition has interfered with PLAINTIFFS' free use and enjoyment of their land, along

24         with numerous other neighbors, in the form of damage to buildings, a significant decrease in the

25         value of the property, exposure to an array of toxic substances on the land, and/or a lingering and

26         foul smell of toxic gases, permeating the air surrounding their property and invading their homes.

27  ///

28  ///

125.   The condition that Defendants created and/or permitted to exist affected a substantial number of people within the general public, including causing PLAINTIFFS to relocate, personal injuries and disturbance in the enjoyment of everyday living.

126.   PLAINTIFFS did not consent to the conduct of Defendants and each of them, which was a substantial factor in causing PLAINTIFFS' harm.

127.   An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the condition created by each and every Defendant.

128.   The seriousness of the harm outweighs any public benefit of Defendants' conduct.

129.   As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS suffered and continue to suffer damages as herein above set forth.

## SEVENTH CAUSE OF ACTION

## PUBLIC NUISANCE - PERMANENT

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

130.   PLAINTIFFS incorporate and re-allege each of the paragraphs above as though fully set forth herein.

131.   PLAINTIFFS own and/or occupy property at or near the exposed area. At all relevant times, PLAINTIFFS had a right to occupy, enjoy, and/or use their property without interference by Defendants.

132.   Defendants and each of them, by reason of their wrongful acts and/or omissions created a permanent condition that (a) is harmful to PLAINTIFFS' health; (b) is indecent and/or offensive to PLAINTIFFS' senses; (c) is an obstruction of PLAINTIFFS' free use of their property, so as to interfere with the comfortable enjoyment of life or property; and/or (d) unlawfully obstructs PLAINTIFFS' free passage or use, in the customary manner, of public parks, squares, streets, and/or highways in the exposed area.

///

133.    This condition has interfered with PLAINTIFFS' free use and enjoyment of their land, along with numerous other neighbors, in the form of damage to buildings, a significant decrease in the value of the property, exposure to an array of toxic substances on the land, and/or a lingering and foul smell of toxic gases, permeating the air surrounding their property and invading their homes.

134.    The condition that Defendants created and/or permitted to exist affected a substantial number of people within the general public, including causing PLAINTIFFS to relocate, personal injuries, and disturbance in the enjoyment of everyday living.

135.    The condition described herein is permanent.

136.    PLAINTIFFS did not consent to the conduct of Defendants and each of them, which was a substantial factor in causing PLAINTIFFS' harm.

137.    An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the condition created by each and every Defendant.

138.    The seriousness of the harm outweighs any public benefit of Defendants' conduct.

139.    As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS suffered and continue to suffer damages as herein above set forth.

## EIGHTH CAUSE OF ACTION

## TRESPASS

**(By Plaintiffs Against Defendants Chiquita Canyon, LLC, a Delaware Limited Liability Company; Waste Connections of California, Inc., a California Corporation; Chiquita Canyon, Inc., a Delaware Corporation; Waste Connections US. Inc., a Delaware Corporation; and DOES 1–150)**

140.    PLAINTIFFS incorporate and re-allege each of the paragraphs above as though fully set forth herein.

141.    PLAINTIFFS own and/or occupy property at or near the exposed area. At all relevant times, Plaintiffs had a right to occupy, enjoy, and/or use their property without interference by Defendants.

///

///

142.    Defendants and each of them, caused a trespass by allowing or causing to seep or migrate underground, benzene, hydrogen sulfide, sulfur dioxide, and other unknown chemicals and matter beyond the boundary of CCL in such a manner that it was reasonably foreseeable that the pollutants would, in due course, invade PLAINTIFFS' real property and cause physical injury to that property.

143.    Defendants and each of them, were engaged in an ultra-hazardous activity and/or intentionally, recklessly, and/or negligently caused toxic and noxious chemicals, gases, and/or fumes to escape the CCL and invade PLAINTIFFS' property, including the air space surrounding, above, and within PLAINTIFFS' residence.

144.    PLAINTIFFS did not give permission for this direct and/or indirect entry.

145.    As a direct and legal result of the wrongful acts and/or omissions of Defendants and each of them, PLAINTIFFS suffered and continue to suffer damages as described above and in amount according to proof at trial.

## VII.    JURY TRIAL DEMAND

146.    PLAINTIFFS demand a trial by jury on all of the triable issues within this Complaint.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request relief against all Defendants as follows:

    a.   a judgment in favor of PLAINTIFFS on all claims;

    b.   for compensatory and general damages according to proof;

    c.   an award to PLAINTIFFS for the amount of damages, including personal injuries, property damage, damage to the health of their pets, and diminution in property value, according to proof;

    d.   loss of the use and benefit of PLAINTIFFS' real and/or personal property;

    e.   past and future medical expenses and incidental expenses according to proof;

    f.   loss of wages, earning capacity, and/or business profits or proceeds and/or any related displacement expenses, according to proof;

///

///

COMPLAINT FOR DAMAGES

g.  an immediate temporary injunction against Defendants to prevent further harm to PLAINTIFFS and to include provisions for further ongoing monitoring of PLAINTIFFS' property and potential remediation by Defendants;

h.  the cost of future medical monitoring;

i.  general damages for fear, worry, annoyance, discomfort, disturbance, inconvenience, mental anguish, emotional distress, and loss of quiet enjoyment of property;

j.  an award to PLAINTIFFS for punitive and exemplary damages according to proof;

k.  all costs of suit, including attorneys' fees where appropriate, appraisal fees, engineering fees and related costs;

l.  for reasonable attorneys' fees pursuant to California Code of Civil Procedure, section 1021.5;

m.  for pre- and post-judgment interest at the legal rate on all amounts awarded; and

n.  or all other relief as this Court may deem just and proper.

Dated: August 5, 2024                        **ABIR COHEN TREYZON SALO, LLP**

By: _____

Joseph Finnerty, Esq.
Attorneys for Plaintiffs

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph Finnerty, Esq. (SBN 298678)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd, Suite 200
Encino, California 91436
TELEPHONE NO.: (424) 288-4367          FAX NO.: (424) 288-4368
EMAIL ADDRESS: jfinnerty@actslaw.com
ATTORNEY FOR *(Name):* Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/06/2024 8:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

CASE NAME:
ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | **24STCV19655** |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation *(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [x] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 5, 2024

Joseph Finnerty, Esq.
_____
(TYPE OR PRINT NAME)                    ▶          _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
    Wrongful Death
  Product Liability *(not asbestos or
  toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
    Physicians & Surgeons
    Other Professional Health Care
    Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
    and fall)
    Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
    Intentional Infliction of
    Emotional Distress
    Negligent Infliction of
    Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
  Practice (07)
  Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
    *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
    Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
    Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
  book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally
  complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
  Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
    Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
    relations)*
    Sister State Judgment
    Administrative Agency Award
    *(not unpaid taxes)*
    Petition/Certification of Entry of
    Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
    harassment)*
    Mechanics Lien
    Other Commercial Complaint
    Case *(non-tort/non-complex)*
    Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
  Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | 24STCV19655 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☑ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| ALINA HAKOPYAN, et al. v. CHIQUITA CANYON, LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>29201 Henry Mayo Drive |
|---|---|---|---|
| CITY:<br>Castaic | STATE:<br>CA | ZIP CODE:<br>91384 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __08/05/2024_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 11

| | |
|---|---|
| **24STCV19655** | August 21, 2024 |
| **ALINA HAKOPYAN, et al. vs CHIQUITA CANYON LLC, et al.** | 10:10 AM |

Judge: Honorable David S. Cunningham III     CSR: None
Judicial Assistant: A. Rosas     ERM: None
Courtroom Assistant: None     Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Court Order Re: Complex Determination;

This case is hereby determined to be complex within the meaning of Rule 3.400 of the California Rules of Court.

The case is ordered reassigned to Judge Kenneth R. Freeman in Department 14 at the Spring Street Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the Initial Status Conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 14. No responsive pleadings may be filed until further order of the Court. Parties may file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance, and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing Affidavit of Prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 subdivisions (a) and (b), each party is ordered to pay $1,000.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days of service of this order.

Any party objecting to the complex designation must file an objection with proof of service in Department 11 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 11 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

| | |
|---|---|
| **24STCV19655**<br>**ALINA HAKOPYAN, et al. vs CHIQUITA CANYON LLC, et al.** | August 21, 2024<br>10:10 AM |

Judge: Honorable David S. Cunningham III       CSR: None
Judicial Assistant: A. Rosas                              ERM: None
Courtroom Assistant: None                             Deputy Sheriff: None

Certificate of Mailing is attached.

 **Superior Court of California, County of Los Angeles**

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 03/23
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT D






**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

<table>
<tr><td colspan="2">For Office Use Only</td></tr>
<tr><td colspan="2">-FILED-</td></tr>
<tr><td>File No.: BA20230754631</td></tr>
<tr><td>Date Filed: 5/8/2023</td></tr>
</table>

| Entity Details | |
|---|---|
| Limited Liability Company Name | CHIQUITA CANYON, LLC |
| Entity No. | 199829610052 |
| Formed In | DELAWARE |

| Street Address of Principal Office of LLC | |
|---|---|
| Principal Address | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |

| Mailing Address of LLC | |
|---|---|
| Mailing Address | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |
| Attention | |

| Street Address of California Office of LLC | |
|---|---|
| Street Address of California Office | 29201 HENRY MAYO DR<br>CASTAIC, CA 91384 |

**Manager(s) or Member(s)**

| Manager or Member Name | Manager or Member Address |
|---|---|
| CHIQUITA CANYON, INC. | 3 WATERWAY SQUARE PL #110<br>THE WOODLANDS, TX 77380 |
| ✚ RONALD J MITTELSTAEDT | 3 WATERWAY SQUARE PLACE STE 110<br>THE WOODLANDS, TX 77380 |

| Agent for Service of Process | |
|---|---|
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

| Type of Business | |
|---|---|
| Type of Business | SOLID WASTE MANAGEMENT |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Chief Executive Officer (CEO)**

| CEO Name | CEO Address |
|---|---|
| None Entered | |

**Labor Judgment**

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*
_____
Signature

*05/08/2023*
_____
Date

B1735-9803 05/08/2023 1:21 PM Received by California Secretary of State

# EXHIBIT E



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20231908096 |
| Date Filed: 12/19/2023 |

BA20231908096

| Entity Details | |
| --- | --- |
| Corporation Name | CHIQUITA CANYON, INC. |
| Entity No. | 3189900 |
| Formed In | DELAWARE |

| Street Address of Principal Office of Corporation | |
| --- | --- |
| Principal Address | 3 WATERWAY SQUARE PLACE, SUITE 110 THE WOODLANDS, TX 77380 |

| Mailing Address of Corporation | |
| --- | --- |
| Mailing Address | 3 WATERWAY SQUARE PLACE, SUITE 110 THE WOODLANDS, TX 77380 |
| Attention | |

| Street Address of California Office of Corporation | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| RONALD J MITTELSTAEDT | 3 WATERWAY SQUARE PLACE STE 110 THE WOODLANDS, TX 77380 | Chief Executive Officer |
| Patrick Shea | 3 Waterway Square Place, Suite 110 The Woodlands, TX 77380 | Secretary |
| Mary Anne Whitney | 3 Waterway Square Place, Suite 110 The Woodlands, TX 77380 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

| Agent for Service of Process | |
| --- | --- |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE Registered Corporate 1505 Agent |

| Type of Business | |
| --- | --- |
| Type of Business | WASTE MANAGEMENT |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Labor Judgment |
| --- |
| No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code. |

B2344-8494 12/19/2023 9:07 AM Received by California Secretary of State

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*

Signature

*12/19/2023*

Date

B2344-8495 12/19/2023 9:07 AM Received by California Secretary of State

# EXHIBIT F




BA20230761368



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

<table>
<tr><td colspan="2" align="center">For Office Use Only<br><br>**-FILED-**<br><br>File No.: BA20230761368<br>Date Filed: 5/9/2023</td></tr>
</table>

| Entity Details | |
|---|---|
| Corporation Name | WASTE CONNECTIONS US, INC. |
| Entity No. | 2057420 |
| Formed In | DELAWARE |

| Street Address of Principal Office of Corporation | |
|---|---|
| Principal Address | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 |

| Mailing Address of Corporation | |
|---|---|
| Mailing Address | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 |
| Attention | |

| Street Address of California Office of Corporation | |
|---|---|
| Street Address of California Office | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, CA 77380 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| PATRICK SHEA | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 | Secretary |
| MARY ANNE WHITNEY | 3 WATERWAY SQUARE PLACE<br>SUITE 110<br>THE WOODLANDS, TX 77380 | Chief Financial Officer |
| ➕ Ronald J Mittelstaedt | 3 WATERWAY SQUARE PLACE #110<br>THE WOODLANDS, TX 77380 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

| Agent for Service of Process | |
|---|---|
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

| Type of Business | |
|---|---|
| Type of Business | SOLID WASTE MANAGEMENT |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

B1739-5156 05/09/2023 11:58 AM Received by California Secretary of State

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Patrick Shea*

Signature

*05/09/2023*

Date

B1739-5157 05/09/2023 11:58 AM Received by California Secretary of State